IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 5:14-CV-310-F

| | |
|---|---|
| 360 MORTGAGE GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STONEGATE MORTGAGE CORPORATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with regard to Defendant Lisa B. Glenn's ("Glenn") motion to amend the scheduling order [DE-85] and motion to strike [DE-91]. Plaintiff 360 Mortgage Group, LLC ("360 Mortgage") filed a response in opposition to the motion to amend [DE-90] and Defendant Stonegate Mortgage Corporation ("Stonegate") filed a response in support of the motion to amend [DE-92]. For the reasons stated below, the motion to amend the scheduling order is allowed in part and denied in part and the motion to strike is denied as moot.

## I. BACKGROUND

360 Mortgage filed this action in Texas state court against its former employee Glenn and her new employer Stonegate, alleging that Glenn and Stonegate conspired to steal 360 Mortgage's trade secrets and to use the information to take 360 Mortgage's customers. [DE-1]. The matter was removed to federal court in the Western District of Texas on September 20, 2013, on the basis of diversity jurisdiction. *Id.* On May 19, 2014, after the parties engaged in jurisdictional discovery and extensive motion practice regarding venue, Glenn was dismissed for lack of personal jurisdiction and on Stonegate's motion the matter was transferred to this district. [DE-51]. On July 21, 2014, the

court entered a scheduling order approving the discovery plan proposed by 360 Mortgage and Stonegate and setting the following critical deadlines: expert reports due from Plaintiff no later than February 20, 2015 and from Defendant no later than March 16, 2015; discovery and mediation to be completed no later than June 10, 2015; potentially dispositive motions due no later than June 15, 2015; and the trial to be held during Judge Fox's September 28, 2015 term of court. [DE-67]. On November 14, 2014, the court allowed 360 Mortgage's consent motion to add Glenn as a party [DE-72] and Plaintiff filed an amended complaint [DE-73]. After receiving an extension of time, Glenn answered the amended complaint on January 21, 2015. [DE-81]. The parties participated in mediation on May 5, 2015, which resulted in an impasse. [DE-89]. On May 12, 2015, Glenn filed the instant motion to amend the scheduling order. [DE-85]. Glenn also sought expedited briefing on the motion, which the court allowed. [DE-87, -88]. On May 17, 2015, 360 Mortgage filed its response in opposition to the motion to amend [DE-90], and on May 18, 2015, Glenn filed a motion to strike that response [DE-91]. On May 19, 2015, Stonegate filed a response in support of the motion to amend. [DE-92].

## II. DISCUSSION

Glenn moves to amend the scheduling order, seeking a three-month extension of all deadlines, including the expired expert deadline, an allowance of 30 days after the close of discovery to file potentially dispositive motions, and continuance of the trial. Glenn's Mot. [DE-85] at 4. In support of the motion, Glenn asserts that she was added to the case five months after entry of the scheduling order, that thousands of documents had already been produced at that time, that subsequently the 30(b)(6) depositions of 360 Mortgage and Stonegate occurred, that several deposition notices are currently pending, that both Stonegate and Glenn produced more than 50,000

2

pages each in response to document requests, that the parties participated in mediation, and that after the parties reached an impasse at mediation Glenn and Stonegate served written discovery and document requests on 360 Mortgage. *Id.* at 2-3. Glenn contends that despite her diligence, she is unable to meet the current deadlines in the scheduling order, which have not previously been amended. *Id.* at 4; Glenn's Mem. [DE-86] at 5-7. Plaintiff contends that Glenn has failed to show good cause to amend the scheduling order because Glenn does not specify precisely what discovery remains to be conducted and why it cannot be done within the time allowed under the current scheduling order, Glenn is not unrelated to Stonegate and has been under Stonegate's control and direction, Glenn and Stonegate knew Glenn would be brought back into the case, Glenn's conduct has been at the center of this litigation and she must have been working with Stonegate so she should not be surprised by the course of the litigation, Glenn and Stonegate have the majority of relevant information in the matter, the issues have not been expanded during the litigation, continuing the trial to 2016 would be "unfair and a miscarriage of justice," and it would be unfair to allow Glenn to belatedly designate experts. 360 Mortgage's Resp. [DE-90] at 2-3, 11-15. Stonegate contends that issues have arisen with respect to the completeness of Mortgage 360's document production, which will impact the completion of depositions, and Stonegate joins Glenn's motion to amend the scheduling order. Stonegate's Resp. [DE-92] at 1-5.

Rule 16 of the Federal Rules of Civil Procedure governs amendment of a scheduling order. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997);

3

*see also Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (unpublished) ("'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'") (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure Civ.* § 1522.2 (3d ed. 2010)); *McDonald v. Marlboro County*, No. 5:12-CV-1725-RBH-KDW, 2013 WL 6580631, at *4 (D.S.C. Dec. 16, 2013) (unpublished) ("[T]he key to the 'good cause' analysis of Rule 16 is whether the party was diligent in seeking to amend."); Fed. R. Civ. P. 16(b), advisory committee's note (1983 amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause. *United States v. Cochran,* No. 4:12-CV-220-FL, 2014 WL 347426, at *2 (E.D.N.C. Jan. 30, 2014) (unpublished) (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)). "[T]he scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

The court finds that Glenn has demonstrated the requisite diligence to amend the scheduling order with respect to all deadlines except the expert deadline. Despite 360 Mortgage's speculation that Glenn has been involved and coordinating with Stonegate throughout the litigation, the facts before the court are that Glenn was dismissed from this action on May 19, 2014 and was not added as a party until November 14, 2014, four months after entry of the court's scheduling order. Glenn

4

asserts that she has been diligent in conducting discovery, but requires additional time to complete written discovery and depositions and to file dispositive motions. While 360 Mortgage contends that Glenn should already have all the discovery necessary, it has presented no evidence contradicting Glenn's assertion that she has diligently pursued discovery since answering the amended complaint. Furthermore, the court is not persuaded by Mortgage 360's conclusory assertion that continuance of the trial into January of 2016 is "unfair and a miscarriage of justice." However, with respect to the expert deadlines, the court finds that Glenn has failed to demonstrate the requisite diligence in requesting an extension thereof. Glenn waited almost two months after expiration of the Defendants' expert deadline to request an extension with no explanation as to why she could not have requested such an extension earlier. Accordingly, Glenn's motion to amend the scheduling order is allowed in part and denied in part as follows: the court declines to extend Defendants' expert deadline, which has now passed; all discovery shall be completed no later than **September 10, 2015**; all potentially dispositive motions shall be filed no later than **October 9, 2015**, and the trial of this matter is continued to Judge Fox's **January 25, 2016** term of court. Glenn's motion to strike is denied as moot.

### III. CONCLUSION

For the foregoing reasons, Glenn's motion to amend the scheduling order [DE-85] is ALLOWED IN PART AND DENIED IN PART and Glenn's motion to strike [DE-91] is DENIED AS MOOT.

SO ORDERED, this the 20 day of May 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

5