IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00310-F

| | | |
|---|---|---|
| 360 MORTGAGE GROUP, LLC, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STONEGATE MORTGAGE CORP., | ) | |
| LISA B. GLENN, | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff 360 Mortgage Group, LLC's Motion to Dismiss Lisa B. Glenn Pursuant to FRCP 41(a)(2) [DE-125]. Defendant Glenn has responded in support of the motion, [DE-131], and Defendant Stonegate Mortgage Corp. has responded in opposition, [DE-136]. 360 Mortgage has replied, [DE-140], and the matter is now ripe for disposition.

A motion to voluntarily dismiss under Rule 41(a)(2) "should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). The court considers the following factors in determining whether to allow a voluntary dismissal: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation." *Gross v. Spies*, Nos. 96-2146, 96-2203, 96-2150, 96-2149, 96-2147, 96-2204, 1998 WL 8006, at *5 (4th Cir. Jan. 13, 1998). This is a non-exclusive list, and the court may consider also "any other relevant factors . . . depending on the circumstances of the case." *Id.*

Here, Defendant Stonegate argues that it will be substantially prejudiced by the dismissal of Defendant Lisa Glenn. Stonegate Resp. [DE-136] at 2. Stonegate alleges that, because it is relying on access to discovery that is the subject of a Motion to Compel [DE-110] by Glenn, it will suffer prejudice should Glenn be dismissed and her motion mooted. Stonegate Resp. [DE-126] at 5–6. Stonegate has failed to cite any cases in which the court denied a motion to dismiss under Rule 41(a)(2) based on prejudice to the remaining defendant. The court has been unable to find any such cases. Thus, it appears that the substantial prejudice standard applies only to the hardship that would befall the dismissed defendant. Here, Defendant Glenn supports the dismissal. Glenn Resp. [DE-131] at 1.

Further, even if substantial prejudice to the remaining defendant provides sufficient justification for denying a voluntary dismissal under Rule 41(a)(2), Stonegate fails to meet this standard. Stonegate's reliance on Glenn for obtaining relevant discovery is misplaced.

The court enjoys wide latitude to impose conditions on a plaintiff who seeks voluntary dismissal. *See* Fed. R. Civ. P. 41(a)(2) (providing that a court may condition a voluntary dismissal on "terms that the court considers proper"). Stonegate requests that, should the court allow the instant motion, it condition dismissal of Glenn on 360 Mortgage's production of the documents sought in Glenn's Motion to Compel [DE-110]. Stonegate Resp. [DE-126] at 2. In support of its request, Stonegate points to a pair of cases in which the court required a plaintiff seeking voluntary dismissal to produce discovery materials as a condition of the dismissal. In both cases, however, the compelled production was for the benefit of the defendant who was to be dismissed. *See In re Wellbutrin XL*, 268 F.R.D. 539 (E.D. Penn. 2010); *Eaddy v. Little*, 234 F. Supp. 377 (E.D.S.C. 1964). The instant case is readily distinguishable in that Stonegate asks the court to compel production of discovery sought by Glenn, so that Stonegate can use the

information as the current litigation moves forward. Fed. R. Civ. P. 37(a)(3)(B) is clear that only the party seeking discovery may move to compel its production, and this court declines to assist Stonegate in skirting that rule.

For the foregoing reasons, Plaintiff 360 Mortgage Group LLC's Motion to Dismiss Lisa B. Glenn Pursuant to FRCP 41(a)(2) [DE-125] is ALLOWED. 360 Mortgage's claims against Glenn are DISMISSED without prejudice.

SO ORDERED.

This, the 9 day of October, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge