IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 5:14-CV-310-F

360 MORTGAGE GROUP, LLC,          )
                                  )
          Plaintiff,              )
                                  )
     v.                           )          O R D E R
                                  )
STONEGATE MORTGAGE CORPORATION,   )
et al.,                           )
                                  )
          Defendants.             )

This matter is before the court with regard to the following motions: Defendant Stonegate

Mortgage Corporation's ("Defendant" or "Stonegate") motion for extension of time [DE-97];

Defendant's motion to compel discovery [DE-102]; Plaintiff 360 Mortgage Group, LLC's

("Plaintiff" or "360 Mortgage") first motion to strike [DE-108]; Defendant Lisa B. Glenn's

("Glenn") first motion to compel discovery [DE-110]; Plaintiff's motion to seal [DE-118]; Plaintiff's

motion to compel [DE-142]; and Plaintiff's second motion to strike [DE-146]. All motions have

been fully briefed or the time for filing a response has expired and are thus ripe for decision.

## I. BACKGROUND

360 Mortgage filed this action in Texas state court against its former employee Glenn and

her new employer Stonegate, alleging that Glenn and Stonegate conspired to steal 360 Mortgage's

trade secrets and to use the information to take 360 Mortgage's customers. [DE-1]. The matter was

removed to federal court in the Western District of Texas on September 20, 2013, on the basis of

diversity jurisdiction. *Id.* On May 19, 2014, after the parties engaged in jurisdictional discovery and

extensive motion practice regarding venue, Glenn was dismissed for lack of personal jurisdiction and

on Stonegate's motion the matter was transferred to this district. [DE-51]. On July 21, 2014, the court entered a scheduling order approving the discovery plan proposed by 360 Mortgage and Stonegate and setting the following critical deadlines: expert reports due from Plaintiff no later than February 20, 2015 and from Defendant no later than March 16, 2015; discovery and mediation to be completed no later than June 10, 2015; potentially dispositive motions due no later than June 15, 2015; and the trial to be held during Judge Fox's September 28, 2015 term of court. [DE-67]. On November 14, 2014, the court allowed 360 Mortgage's consent motion to add Glenn as a party [DE-72] and Plaintiff filed an amended complaint [DE-73]. After receiving an extension of time, Glenn answered the amended complaint on January 21, 2015. [DE-81]. The parties participated in mediation on May 5, 2015, which resulted in an impasse. [DE-89]. On May 20, 2015, the court amended the scheduling order as follows: all discovery to be completed by September 10, 2015; all dispositive motions to be filed by October 9, 2015; and the trial continued to Judge Fox's January 25, 2016 term of court. [DE-94].

On August 25, 2015, Defendant filed the instant motion to extend the case deadlines [DE-97], and sought expedited review [DE-99], which Plaintiff opposed [DE-100]. The court allowed expedited review [DE-101]. On August 31, 2015, Glenn filed response to the motion for extension of time. [DE-105]. That same day, Plaintiff filed a response to the motion for extension of time, and also moved to strike Glenn's response, which Glenn opposed. [DE-106, -108, -112]. On September 2, 2015, the court held a telephonic conference to address the motion for extension of time and the motion to strike. [DE-113].

On August 28, 2015, Defendant filed a motion to compel [DE-102], to which Plaintiff responded in opposition [DE-116]. Plaintiff also filed several proposed sealed exhibits along with

2

its response [DE-117], and moved to seal those exhibits [DE-118]. On September 1, 2015, Glenn filed a motion to compel discovery from Plaintiff. [DE-110]. Plaintiff moved for three extensions of time to respond to Glenn's motion to compel [DE-115, -121, -132], which the court allowed [DE-120, -122, -133]. On September 21, 2015, Plaintiff filed a motion to dismiss Glenn [DE-125] and requested expedited review [DE-127], which the court allowed [DE-129]. Glenn and Defendant Stonegate responded to the motion to dismiss [DE-131, -136] and Plaintiff filed a reply [DE-140], and the court granted the motion to dismiss Plaintiff's claims against Glenn without prejudice [DE-141].

Defendant Stonegate and Glenn filed a status report requesting a telephonic conference [DE-137], which the court held on October 6, 2015 [DE-139] and then ordered that the dispositive motions deadline be tolled pending the court's ruling on pending motions. On October 13, 2015, Plaintiff filed a motion to compel [DE-142], to which Defendant responded in opposition [DE-145]. Plaintiff then moved to strike Defendant's response [DE-146], to which Defendant responded [DE-148]. On December 8, 2015, the court ordered that the trial date be stayed pending resolution of currently-pending motions. [DE-151].

## II. DISCUSSION

### A. Plaintiff's First Motion to Strike [DE-108] and Glenn's Motion to Compel [DE-110]

On September 1, 2015, Plaintiff filed a motion to strike Glenn's response [DE-105] to Stonegate's motion for extension of time. [DE-108]. In support of its motion, Plaintiff argues that Glenn's filing is not a response to Stonegate's motion, but is "either a supplemental brief or a veiled *second* motion of Glenn's own for a continuance albeit under a difference name." *Id.* Further,

3

Plaintiff argues that Glenn was not entitled to respond to Stonegate's motion for extension of time, Glenn and Defendant Stonegate acted in tandem to deprive Plaintiff of time and opportunity to respond to the substance of Glenn's filing, and Glenn's response was untimely and in violation of the local rules. *Id.* In response, Glenn argues that the Local Rules permit her response to Stonegate's motion, Plaintiff's motion to strike is essentially an impermissible reply, and Plaintiff has mischaracterized Glenn's filings as gamesmanship in an attempt to inflame the court. [DE-112].

On September 1, 2015, Glenn filed motion to compel, seeking an order requiring Plaintiff to fully and completely answer Glenn's First Set of Interrogatories and produce documents responsive to Glenn's First Request for Production of Documents, arguing that Plaintiff's answers and responses were deficient and unresponsive. [DE-110]. Plaintiff moved for three extensions of time to respond to Glenn's motion to compel [DE-115, -121, -132], which the court allowed [DE-120, -122, -133]. As the basis for its request for extensions of time, Plaintiff asserted that it was contemplating filing a motion to dismiss its claims against Glenn.

On September 21, 2015, Plaintiff filed a motion to dismiss its claims against Glenn without prejudice [DE-125], which the court granted on October 9, 2015 [DE-141]. Accordingly, as Glenn is no longer a party to this case, both Plaintiff's first motion to strike [DE-108] and Glenn's motion to compel [DE-110] are denied as moot.

### B.    Plaintiff's Second Motion to Strike [DE-146]

On November 4, 2015, Plaintiff filed a motion to strike Defendant's response [DE-145] to Plaintiff's motion to compel, arguing that Defendant's response was untimely and Defendant failed to seek an extension of time in which to respond. [DE-146]. Plaintiff argued that as the Local Rules provide that responses to discovery motions must be filed within fourteen (14) days, Defendant was

4

required to file a response to the motion to compel no later than October 27, 2015, as the motion to compel was filed on October 13, 2015. *Id.* Defendant's response, filed October 30, 2015, must be stricken as untimely. *Id.* In response, Defendant argues that Plaintiff's motion to strike is without merit, as Defendant's response was timely filed. [DE-148].

Local Civil Rule 7.1(e) dictates that responses to discovery motions must be filed within fourteen (14) days after service of the discovery motion, unless a different briefing schedule is ordered by the court. Rule 5 of the Federal Rules of Civil Procedure governs service of motions, and provides that for parties represented by an attorney, service must be made upon the attorney, and where a person has consented in writing to receive electronic service, such service may be accomplished by a court's transmission facilities if so authorized by the local rules. Fed. R. Civ. P. 5(b)(1), (b)(2)(E), (b)(3). Local Civil Rule 5.1(e) authorizes this practice, stating that "[t]ransmission of the NEF that is automatically generated by CM/ECF . . . constitutes service of the filed document on registered party users." *See also* Standing Order 06-PLR-2 (E.D.N.C. Oct. 1, 2005) (noting that the Local Rules discussing the electronic filing system "allow[] parties to use the court's transmission facilities to make service when appropriate"). Further, Local Rule 5.1(b) states that an attorney's registration for CM/ECF "constitutes written consent to service of all documents by electronic means as provided by the Federal Rules and the Policy Manual."

Rule 6 of the Federal Rules of Civil Procedure governs computing and extending time, and applies "in computing any time period specific in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire[.]" Fed. R. Civ. P. 6(d). The

5

Court's CM/ECF Policy Manual expressly addresses electronic service, stating that "[s]ervice by electronic means shall be treated the same as service by mail for the purpose of adding three (3) days to the prescribed period pursuant to Rule 6(d) of the Federal Rules of Civil Procedure[.]" CM/ECF Policy Manual § F(6). Additionally, in order to be deemed timely filed, a document must be filed and transmission completed prior to midnight Eastern Time. *Id.* §§ E(3); (G).

Here, the parties agree that service of Plaintiff's motion to compel was effectuated through electronic filing on October 13, 2015. *See* [DE-142] at 4 (certificate of service attached to Plaintiff's motion to compel stating that "the foregoing document was served by CM/ECF"). Accordingly, per the Local Rules, Federal Rules, and the Policy Manual, Defendant had fourteen (14) days to respond, with an additional three (3) days added based on the electronic service, for a total of seventeen (17) days to file a response to Plaintiff's motion to compel. Local Civil Rule 7.1(e); Fed. R. Civ. P. 6(d); CM/ECF Policy Manual § F(6). Thus, in order to be timely filed, Defendant's response to Plaintiff's motion to compel was due by midnight on October 30, 2015. Fed. R. Civ. P. 6(d); CM/ECF Policy Manual §§ E(3); (G). Defendant's response was filed at 5:24 p.m. on October 30, 2015. NEF [DE-145]. Accordingly, Defendant's response was timely filed, and Plaintiff's motion to strike Defendant's response as untimely is without merit. Plaintiff's second motion to strike [DE-146] is denied.

## C. Plaintiff's Motion to Seal [DE-118]

On September 12, 2015, Plaintiff filed a motion to seal, seeking to seal Exhibits A-G attached to the Declaration of Andrew WeissMalik, filed as an exhibit to Plaintiff's response in opposition to Defendant's motion to compel. Mot. to Seal [DE-118]; WeissMalik Decl. [DE-116-2]. Exhibits A-G are separately filed as a proposed sealed exhibit. [DE-117]. Plaintiff asserts that these exhibits

6

should be sealed as they consist of information that is "highly confidential and proprietary and a trade secret of 360 Mortgage." [DE-118] at 2. Further, Plaintiff asserts that its

> interest in keeping its documents confidential outweighs any public right to access because the document contains (1) confidential factual information as well as proprietary commercial information disclosure of which may harm Plaintiff's business; (2) the instant case involves claims of misappropriation of trade secrets; it does not involve allegations of criminal misconduct or claims attempting to restrict the media or press; and the relief sought is strictly monetary and does not, in any way, involve or affect a public interest.

*Id.* at 5. Defendant did not file a response to Plaintiff's motion to seal within the allotted time.

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The fact that the documents sought to be sealed are subject to a protective order by the court does not relieve the parties or the court from the obligation to comply with the Fourth Circuit's sealing regimen. *See Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 679-80 (E.D.N.C. 2003); *see also Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc.*, No. 1:05CV955, 2011 WL 2413404, at \*5 (M.D.N.C. June 10, 2011) (unpublished) (citations omitted). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Stone*, 855 F.2d at 180 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). Here, the documents Plaintiff seeks to seal relate to Defendant's motion to compel discovery, rather than to motions seeking dispositive relief, and therefore the right

7

of access at issue arises under the common law.[1] *See Covington v. Semones,* No. 7:06CV00614, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007) (unpublished) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Va. Dep't of State Police v. Washington Post,* 386 F.3d 567, 575 (4th Cir. 2004). This presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford,* 846 F.2d at 253). Some factors for consideration when analyzing the common law presumption of access "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* (quoting *In re Knight Publ'g Co.,* 743 F.2d 231, 235 (4th Cir. 1984)). Here, the documents in question contain "information regarding extremely sensitive aspects of [Plaintiff's] business and operations particularly regarding its relations with its brokers and its account executives" [DE-119] at 2, and further constitutes the type of confidential information Plaintiff claims was wrongfully misappropriated by Defendant in this case. These documents are of utmost importance to the parties, but are not generally available to the public. Based on this showing, the court determines that the common law presumption of access has

---

[1] Plaintiff argues that the exhibits at issue are not judicial records, and are governed by the good cause standard set forth in Rule 26(c) of the Federal Rules of Civil Procedure. [DE-119] at 4. The court need not reach this issue as the same result is reached under either standard.

8

been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge the request. *In re Knight*, 743 F.2d at 235 (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474-76 (6th Cir. 1983)). Here, Plaintiff's motion to seal was filed on September 12, 2015. [DE-118]. No opposition to the motion has been filed by Defendant or any non-party, despite a reasonable time in which to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *In re Knight*, 743 F.2d at 235 (citation omitted). Because, as described above, the exhibits in question contain confidential information and consist of sensitive business information that is not generally available to the public, the court determines that alternatives to sealing do not exist at the present time. Accordingly, Plaintiff's Exhibits A-G to the WeissMalik Declaration (located at DE-117) shall be sealed in accordance with Local Civil Rule 79.2.

**D.     Defendant's Motion for Extension of Time [DE-97], Defendant's Motion to Compel [DE-102], and Plaintiff's Motion to Compel [DE-142]**

The remaining motions before the court are Defendant's motion for extension of time [DE-97], Defendant's motion to compel [DE-102] and Plaintiff's motion to compel [DE-142]. Based on the briefing, the status of these discovery requests is unclear to the court. For example, Defendant moved to compel a response to its Request for Production #30, but in responding to the motion to compel, Plaintiff stated that the parties agreed on a more limited production and Plaintiff actually produced those documents to Defendant. Pl.'s Mem. [DE-116] at 4-5. Additionally, Defendant

9

argues that Plaintiff's motion to compel should be denied for failure to meet and confer as to the vast majority of the issues presented in Plaintiff's motion to compel. Def.'s Mem. [DE-145]. Further, as to some disputed phone records, Defendant indicates that the records would be produced as soon as they are obtained. *Id.* at 5. It is unclear to the court whether those records have already been exchanged.

Accordingly, the court will hold a status conference to rule on the motions to compel on **Thursday, January 7, 2015 at 10:00 a.m.** in Courtroom 3 of the Alton Lennon Federal Building located at 2 Princess Street, Wilmington, North Carolina. Local counsel are directed to appear in person at the status conference, and out-of-state counsel may attend via telephone (Dial-in No.: 888-557-8511, Access Code: 8673312). The parties are directed to meet and confer in advance of the conference, and to file a joint status report, no later than **December 31, 2015**, laying out briefly which, if any, of the discovery disputes have been resolved, and which are still outstanding.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's first motion to strike [DE-108] and Glenn's motion to compel [DE-110] are DENIED AS MOOT; Plaintiff's second motion to strike [DE-146] is DENIED; Plaintiff's motion to seal [DE-118] is GRANTED and Plaintiff's Exhibits A-G to the WeissMalik Declaration (located at DE-117) shall be sealed in accordance with Local Civil Rule 79.2. The court shall hold a status conference on January 7, 2015 at 10:00 a.m. to address Defendant's motion for extension of time [DE-97], Defendant's motion to compel [DE-102], and Plaintiff's motion to compel [DE-142].

10

SO ORDERED, the 14th day of December 2015.

Robert B. Jones, Jr.
United States Magistrate Judge