IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 5:14-CV-310-F

| | |
|---|---|
| 360 MORTGAGE GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| STONEGATE MORTGAGE CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court with regard to the following motions: Defendant Stonegate Mortgage Corporation's ("Defendant" or "Stonegate") motion for extension of time [DE-97]; Defendant's motion to compel discovery [DE-102]; and Plaintiff 360 Mortgage Group, LLC's ("Plaintiff" or "360 Mortgage") motion to compel [DE-142]. The motions have been fully briefed and are thus ripe for decision. The court held a status conference with all parties on January 14, 2016, during which it addressed the matters raised in these pending motions. The court ruled on both motions to compel from the bench, and after hearing further argument from counsel, took the motion for extension of time under advisement. This order memorializes the rulings made during the status conference and sets forth an amended scheduling order.

## I. BACKGROUND

Plaintiff 360 Mortgage filed this action in Texas state court against its former employee Glenn and her new employer Stonegate, alleging that Glenn and Stonegate conspired to steal 360 Mortgage's trade secrets and to use the information to take 360 Mortgage's customers. [DE-1]. The matter was removed to federal court in the Western District of Texas on September 20, 2013, on the

basis of diversity jurisdiction. *Id.* On May 19, 2014, after the parties engaged in jurisdictional discovery and extensive motion practice regarding venue, Glenn was dismissed for lack of personal jurisdiction and on Stonegate's motion the matter was transferred to this district. [DE-51]. On July 21, 2014, this court entered a scheduling order approving the discovery plan proposed by 360 Mortgage and Stonegate and setting the following critical deadlines: expert reports due from Plaintiff no later than February 20, 2015 and from Defendant no later than March 16, 2015; discovery and mediation to be completed no later than June 10, 2015; potentially dispositive motions due no later than June 15, 2015; and the trial to be held during Judge Fox's September 28, 2015 term of court. [DE-67]. On November 14, 2014, the court allowed 360 Mortgage's consent motion to add Glenn as a party [DE-72] and Plaintiff filed an amended complaint [DE-73]. After receiving an extension of time, Glenn answered the amended complaint on January 21, 2015. [DE-81]. The parties participated in mediation on May 5, 2015, which resulted in an impasse. [DE-89]. On May 20, 2015, the court amended the scheduling order as follows: all discovery to be completed by September 10, 2015; all dispositive motions to be filed by October 9, 2015; and the trial continued to Judge Fox's January 25, 2016 term of court. [DE-94].

On August 25, 2015, Defendant filed the instant motion to extend the case deadlines [DE-97], and sought expedited review [DE-99], which Plaintiff opposed [DE-100]. The court allowed expedited review [DE-101]. On August 31, 2015, Glenn filed response to the motion for extension of time. [DE-105]. That same day, Plaintiff filed a response to the motion for extension of time, and also moved to strike Glenn's response, which Glenn opposed. [DE-106, -108, -112]. On September 2, 2015, the court held a telephonic conference to address the motion for extension of time and the motion to strike. [DE-113].

2

On August 28, 2015, Defendant filed a motion to compel [DE-102], to which Plaintiff responded in opposition [DE-116]. Plaintiff also filed several proposed sealed exhibits along with its response [DE-117], and moved to seal those exhibits [DE-118]. On September 1, 2015, Glenn filed a motion to compel discovery from Plaintiff. [DE-110]. Plaintiff moved for three extensions of time to respond to Glenn's motion to compel [DE-115, -121, -132], which the court allowed [DE-120, -122, -133]. On September 21, 2015, Plaintiff filed a motion to dismiss Glenn [DE-125] and requested expedited review [DE-127], which the court allowed [DE-129]. Glenn and Defendant Stonegate responded to the motion to dismiss [DE-131, -136] and Plaintiff filed a reply [DE-140], and the court granted the motion to dismiss Plaintiff's claims against Glenn without prejudice [DE-141].

Defendant Stonegate and Glenn filed a status report requesting a telephonic conference [DE-137], which the court held on October 6, 2015 [DE-139] and then ordered that the dispositive motions deadline be tolled pending the court's ruling on pending motions. On October 13, 2015, Plaintiff filed a motion to compel [DE-142], to which Defendant responded in opposition [DE-145]. Plaintiff then moved to strike Defendant's response [DE-146], to which Defendant responded [DE-148]. On December 8, 2015, the court ordered that the trial date be stayed pending resolution of currently-pending motions. [DE-151]. On December 14, 2015, the court issued an order denying as moot Plaintiff's motion to strike Glenn's response and Glenn's motion to compel, denying Plaintiff's motion to strike Defendant's response, and granting Plaintiff's motion to seal. [DE-152].

## II. LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides the general rule regarding the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is

3

relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (unpublished) (internal quotation marks, alterations, and citations omitted); *Equal Emp't Opportunity Comm'n v. New Hanover Regional Med. Ctr.*, No. 7:09-CV-85-D, 2010 WL 4668957, at *3 (E.D.N.C. Nov. 9, 2010) (unpublished); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *Carr v. Double T Diner*, 272 F.R.D. 431, 433 (D. Md. 2010) ("The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case").

Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory under Rule 33 or fails to produce or make available for inspection requested documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more

4

convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Additionally, "the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (unpublished) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery must make "a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 241.

### III. DISCUSSION

#### A. Defendant's Motion to Compel [DE-102]

Defendant has moved the court to compel Plaintiff to respond to the following written discovery requests: Request for Production of Documents Nos. 4, 30, 33, and 38 and Interrogatory No. 1. Plaintiff objected to responding to these discovery requests. In advance of the hearing, the parties reached a compromise as to Request for Production of Documents Nos. 30 and 33, and Defendant withdrew the motion to compel as to those discovery requests.

1. <u>Defendant's Request for Production of Documents No. 4</u>

For the reasons set forth during the status conference, Plaintiff is directed to produce the results of a search on the following individuals' Outlook files: Brad Smith, Jamie Hodge, Scott Stavinoha, Quoc Nguyen, Gino Berchock, Wayne Starn, Susan Tate, and Glenn Bonds, limited to a time period of January 1, 2011 through May 1, 2015, and to the search terms contained in the table attached as Exhibit 1 to the July 14, 2015 Letter regarding 360 Mortgage Discovery Responses [DE-

5

Case 5:14-cv-00310-F Document 162 Filed 01/15/16 Page 5 of 9

103-1] at 10-11.

   2.   Defendant's Request for Production of Documents No. 38

For the reasons set forth during the status conference, the search outlined in response to Defendant's Request for Production of Documents No. 4 will also satisfy Defendant's Request for Production of Documents No. 38.

   3.   Defendant's Interrogatory No. 1

For the reasons set forth during the status conference, Plaintiff is directed to supplement its response to this discovery request (filed at [DE-116-11] at 2-3) with the following information: Plaintiff shall add a column next to the state of residence, to include in which state (North Carolina, South Carolina, Georgia, or Tennessee) the account executive closed a loan and received a commission.

Plaintiff is directed to provide the information responsive to these discovery requests by **February 12, 2016**.

   **B.   Plaintiff's Motion to Compel [DE-142]**

Plaintiff has moved the court to compel Defendant to respond to the following written discovery requests: Plaintiff's Second Request for Production Nos. 1, 4, and 10, Plaintiff's Third Request for Production Nos. 5, 7, 8, 9, 10, 11, and 12, Plaintiff's Fourth Request for Production Nos. 1 and 2, Plaintiff's Interrogatory No. 1, and two subpoenas served on Defendant's employee Jeff Lochmandy. Defendant objected to responding to these discovery requests. In advance of the hearing, the parties reached a compromise as to Plaintiff's Fourth Request for Production Nos. 1 and 2, Plaintiff's Interrogatory No. 1, and the two subpoenas served on Defendant's employee Jeff Lochmandy, and Plaintiff withdrew the motion to compel as to those discovery requests.

1. Plaintiff's Second Request for Production of Documents Nos. 1, 4, and 10 and Third Request for Production of Documents No. 5

For the reasons set forth during the status conference, Defendant shall search the email files of Steve Landes, Barbara Cutillo, Paul Wyner, and Randy Butler for the four search terms listed in Plaintiff's Second Request for Production of Documents No. 10 (contained at [DE-142-2] at 2) in addition to the search term "Brad Smith." This search shall be limited to 2011.

2. Plaintiff's's Third Request for Production of Documents Nos. 7, 8, 9, 10, and 11

For the reasons set forth during the status conference, Defendant shall search for projections based on Lisa Glenn and the business she would create in North Carolina for the years 2011, 2012, and 2013. This includes projections for business in North Carolina during 2011, 2012, and 2013, but excludes national projections or analyses with no specific reference to North Carolina.

3. Plaintiff's Third Request for Production of Documents No. 12

For the reasons set forth during the status conference, the court determines that the responsive documents have been produced, and Plaintiff's motion to compel as to this request is denied.

Defendant is directed to provide the information responsive to these discovery requests by **February 12, 2016**.

C. **Defendant's Motion for Extension of Time [DE-97]**

Defendant seeks a ninety-day extension of the discovery deadline, a sixty-day extension of the deadline for filing potentially dispositive motions, and for the trial to be reset no sooner than Judge Fox's April 25, 2016 term of court. [DE-97]. Plaintiff opposes a re-opening of the discovery period and an extension of the discovery deadlines, as it argues Defendant has failed to show the requisite diligence. [DE-106].

Rule 16 of the Federal Rules of Civil Procedure governs amendment of a scheduling order. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997); *see also Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (unpublished) ("'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'") (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure Civ.* § 1522.2 (3d ed. 2010)). The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause. *United States v. Cochran*, No. 4:12-CV-220-FL, 2014 WL 347426, at *2 (E.D.N.C. Jan. 30, 2014) (unpublished) (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)).

The court finds that Defendant has demonstrated the requisite diligence for an extension of time. Accordingly, the current scheduling order [DE-94] is amended as follows:

1. All discovery to be completed by **April 15, 2016**;

2. All potentially dispositive motions to be filed by **May 15, 2016**; and

3. The trial of this matter to be set for Judge Fox's **September 26, 2016** term of court.

The discovery period is re-opened for the sole purpose of exchanging the discovery addressed in the motions to compel above, and for the taking of depositions. Neither party shall serve the other with any further written discovery requests. Further, the parties are cautioned that no further

8

extensions of time shall be granted absent extraordinary circumstances.

**D.     Sanctions**

Sanctions are available in conjunction with a motion to compel discovery. Fed. R. Civ. P. 37(a)(5) (providing for sanctions if the court grants, denies, or grants in part and denies in part a motion to compel). The rule provides, however, that the court should not award sanctions if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii) & (B). Further, "the imposition of discovery sanctions is generally within the sound discretion of the trial court." *Billips v. N.C. Benco Steel, Inc.*, No. 5:10-CV-095-RLV-DCK, 2011 WL 34416, at *5 (W.D.N.C. Aug. 8, 2011) (unpublished) (internal citations and quotation omitted). Given the protracted discovery disputes, the parties' breakdown in communications in the instant case, and the fact that both parties were awarded some relief in conjunction with their motions to compel, the court determines that sanctions are unwarranted and shall not be be awarded in conjunction with any of the motions addressed by this order.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to compel [DE-102], Plaintiff's motion to compel [DE-142], and Defendant's motion for extension of time [DE-97] are GRANTED IN PART and DENIED IN PART.

SO ORDERED, the **15** day of January 2016

                                                          _____
                                                          Robert B. Jones, Jr.
                                                          United States Magistrate Judge

9