IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00310-F

| | | |
|---|---|---|
| 360 MORTGAGE GROUP, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STONEGATE MORTGAGE CORP., | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' motions [DE-216, -220] to seal portions of Defendant Stonegate Mortgage Corporation's ("Stonegate") Appendix to its Statement of Undisputed Material Facts. For the reasons stated below, the instant motions are ALLOWED.

## I.  Legal Standard

A district court must follow certain procedural requirements before sealing a motion. First, the court must give the public adequate notice of and an opportunity to object to the proposed sealing. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253–54 (4th Cir. 1988). If the court decides to seal a document, it must then state its reasons supported by specific factual findings, as well as its reasons for rejecting alternatives to sealing. *Id.*

Substantively, the court's decision on a motion to seal is guided by its determination of the source of the public's right to access the proposed sealed document. The public's right to access judicial records and documents is presumed by both the common law and the First Amendment. *Id.* at 253. "While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (1988) (internal citations omitted). The presumption of access may be overcome,

under the common law, "if competing interests outweigh the interest in access." *Id.* Under the First Amendment, on the other hand, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* (citing *Rushford*, 846 F.2d at 253).

For a right of access to exist under either standard, however, the document must first qualify as a judicial record. *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). The Fourth Circuit defines a judicial record as a document that "play[s] a role in the adjudicative process, or adjudicate[s] substantive rights." *Id.*; *see also In re Policy Mgmt. Sys. Corp.*, Nos. 94-2254, 94-2341, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995) (holding that "a document must play a relevant and useful role in the adjudication process" for a presumption of access to attach). Thus, a document "filed with the objective of obtaining judicial action or relief" is a judicial document, subject to, at a minimum, the common law presumption of access. *In re U.S.*, 707 F.3d 283 at 291.

## II. DISCUSSION

At the outset, the court finds that each of the proposed sealed exhibits in this matter is a judicial document, subject to at least the common law presumption of access. Stonegate submitted each of the proposed sealed exhibits to facilitate the court's adjudication of its motion for summary judgment. Accordingly, each of the documents "play a role in the adjudicative process." *In re U.S.*, 707 F.3d at 290.

In this case, the court need not determine whether the First Amendment or common law presumption of access applies, as the parties' arguments are sufficient to overcome even the more stringent standard. Generally speaking, the need to keep proprietary business information confidential is often a sufficiently compelling justification for sealing judicial documents. *See,*

2

*e.g., Morris v. Cumberland Cty. Hosp. Sys., Inc.*, No. 5:12-CV-629-F, 2013 WL 6116861, at *3 (E.D.N.C. Nov. 13, 2013) (observing that "the need to keep confidential proprietary business information or trade secrets may constitute a 'higher value' that can overcome both the common law and the First Amendment rights of access in appropriate circumstances"). Here, the parties contend that the documents at issue contain information detailing, *inter alia*, their business techniques, the identification of their customers, and their finances. This is the type of confidential business information properly subject to protection.

Having found that the parties' motions present a compelling interest, the court now turns to whether the relief sought is narrowly tailored. 360 Mortgage requests that the documents it identifies be either sealed in their entirety or redacted. 360 Mortgage's suggested redactions appear to be no more extensive than necessary to protect its confidential information. Accordingly, the documents will be redacted as 360 Mortgage requests. Stonegate's motion proposes sealing one document in its entirety. This document is replete with confidential information, and cannot be meaningfully redacted. Accordingly, sealing the document is appropriate.

### III. CONCLUSION

For the foregoing reasons,

(1) 360 Mortgage's Motion to Seal [DE-220] is ALLOWED and the Clerk of Court is DIRECTED to file the redacted versions of the documents included in Exhibit A to 360 Mortgage's Memorandum in Support of Motion to Seal [DE-221] as publicly available documents;

3

(2) 360 Mortgage shall have seven days from the filing date of this order to request redactions to Stonegate's Memorandum in Support of its Motion for Summary Judgment [DE-214] and Statement of Undisputed Material Facts [DE-211]; and

(3) Stonegate's Motion to Seal [DE-216] is ALLOWED and the Clerk of Court is DIRECTED to maintain under seal the document at docket entry 213-40.

SO ORDERED.

This, the 14 day of September, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge